IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:99-cr-49-BO-2
No. 7:20-cv-39-F

| | | |
|---|---|---|
| JAMES LARRY BELLAMY, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | <u>O R D E R</u> |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
|     Respondent. | ) | |

This matter comes before the Court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The government has moved to dismiss. For reasons discussed below, petitioner's motion is denied and the government's motion to dismiss is granted.

## BACKGROUND

In February 2000, a jury in this district found petitioner James Larry Bellamy ("petitioner") guilty on two counts of armed bank robbery, one count of conspiracy to commit bank robbery, and two counts of use of a firearm during and in relation to a crime of violence. Judge James C. Fox sentenced petitioner to an aggregate term of 593 months' imprisonment. Petitioner subsequently filed a notice of appeal to the United States Court of Appeals for the Fourth Circuit, which affirmed the conviction and sentence. *United States v. Bellamy*, 26 F. App'x 250, 254 (4th Cir. 2002). On February 21, 2020, petitioner filed the instant § 2255 motion to vacate, set aside, or correct his sentence. Petitioner challenges his convictions for using a firearm during a crime of violence in light of the Supreme Court's recent decision in *United States v. Davis*, 139 S. Ct. 2319 (2019).

## DISCUSSION

**I. Petitioner's § 2255 motion is denied.**

A motion under 28 U.S.C. § 2255 will be granted where the petitioner has shown that his sentence was imposed in violation of the Constitution or laws of the United States, that the court

was without jurisdiction to impose the sentence, that the sentence was in excess of the maximum sentence authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). In his § 2255 motion, petitioner claims that his 18 U.S.C. § 924(c) convictions are invalid because, in his view, they are based on a predicate offense that is no longer considered a crime of violence.

Under § 924(c), a defendant shall be subject to a consecutive sentence if he "during and in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm or who, in furtherance of any such crime, possesses a firearm . . . ." 18 U.S.C. § 924(c)(1)(A). Section 924(c) defines a crime of violence as a felony offense that:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another [the force clause], or
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense [the residual clause].

18 U.S.C. § 924(c)(3)(A)–(B). In *Johnson v. United States*, 135 S. Ct. 2551 (2015), the Supreme Court held that the residual clause of the Armed Career Criminal Act's definition of a crime of violence was unconstitutionally vague. *Id.* at 2563. Four years later, in *Davis*, the Supreme Court invalidated the definition of a crime of violence in 18 U.S.C. § 924(c)(3)'s residual clause. 139 S. Ct. at 2336.

Petitioner appears to be under the impression that his § 924(c) convictions are based on his conspiracy conviction. That is not so. The underlying offense for petitioner's convictions under § 924(c) is armed bank robbery. Although the residual clause of § 924(c)(3) is now invalid, armed bank robbery remains a crime of violence under the force clause of § 924(c)(3). *United States v. McNeal*, 818 F.3d 141, 157 (4th Cir. 2016). Accordingly, petitioner's § 924(c) convictions stand.

2

## II. The government's motion to dismiss petitioner's § 2255 motion is granted.

The government has moved to dismiss petitioner's § 2255 motion under Federal Rule of Civil Procedure 12(b)(6). A Rule 12(b)(6) motion to dismiss must be granted if the pleading fails to allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Here, petitioner has failed to state a viable claim for relief. The basis for his § 2255 is that his § 924(c) convictions are invalid in light of *Davis*. As explained above, this is not the case. Accordingly, the government's motion to dismiss is granted.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). As reasonable jurists would not find this Court's denial of petitioner's § 2255 motion debatable, a certificate of appealability is DENIED.

## CONCLUSION

For the foregoing reasons, petitioner's motion to vacate, set aside, or correct sentence [DE 463] is DENIED. A certificate of appealability is also DENIED. The government's motion to dismiss [DE 470] is GRANTED.

SO ORDERED, this ___/___ day of July, 2020.

*Terrence Boyle*
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE